[No. 2468]

## JAMES L. SHUTE, APPELLANT, *v.* BIG MEADOW INVESTMENT COMPANY, RESPONDENT.

[198 Pac. 227]

1. NEW TRIAL—GRANTED ONLY FOR CAUSE GOOD AT COMMON LAW OR ENUMERATED IN STATUTE.

    If the trial court has inherent power to grant a new trial for causes other than those enumerated in the statute, it must be for some cause that was good at common law.

2. NEW TRIAL—GENERAL RULE AT COMMON LAW.

    The general rule at common law was that a new trial would be granted where an injustice had been done.

3. APPEAL AND ERROR—PRESUMED THAT CASE WAS FREE FROM ERROR.

    On appeal by plaintiff from an order granting a new trial for causes other than those enumerated in the statute, it must be presumed that the case was free from error, and that the judgment was a just one, where it does not appear that there was any irregularity or error in the proceedings or trial of the case, or that any injustice resulted.

4. NEW TRIAL—MERE LOSS OF REPORTER'S NOTES NOT GROUND FOR.

    The mere fact that the reporter's notes were lost and a party was "deprived of the use and benefit of the reporter's notes to make up his memorandum of errors" was not ground for a new trial, as the errors may have been few and simple, and such party may have been able to prepare a proper record from other sources.

APPEAL from Sixth Judicial District Court, Pershing County; *C. J. McFadden,* Judge.

Action by James L. Shute against the Big Meadow Investment Company. From an order granting a new trial after judgment in his favor, plaintiff appeals. **Reversed.**

*R. M. Hardy* and *Thomas A. Brandon,* for Appellant:

Respondent could have established a substantial record containing all of the objections made by plaintiff to evidence, with the rulings and exceptions, and other matters of error, if any, upon which it was desired to rely. The record discloses that there was no attempt to establish such a record, but that reliance was had solely upon the fact of the destruction of the stenographic notes, without a showing of any kind that

such notes were required on the motion for a new trial. It is an unusual practice upon motion for a new trial to submit a transcript of the stenographer's notes, or even extracts therefrom.

This court must presume that the decision and judgment of the lower court was without error, unless there is something in the record showing error, or some action by that court indicating that it believed that it had erred; but the record shows that the only reason for granting a new trial was the destruction of the stenographic notes. The statutory grounds for a new trial are exclusive of any other ground or grounds. Scott v. Haines, 4 Nev. 426; Ogle v. Potter, 62 Pac. 920; Townley v. Adams, 50 Pac. 551.

A mere statement or affidavit showing the destruction of the stenographer's notes, and not showing anything further, cannot justify the granting of a new trial. 20 Cyc. 874.

*M. B. Moore,* for Respondent:

The granting of a new trial is a discretionary matter with the court in cases like the present, and in this case the court exercised a proper discretion.

Proper and sufficient notice was given within the time prescribed by law. This is made a part of the record on appeal. It cannot be said that the court, in granting a new trial, did not have in mind errors committed during the course of the trial, or some of the other grounds included in the notice.

By the Court, DUCKER, J.:

On May 12, 1920, the district court rendered judgment in this case in favor of appellant.

Respondent noticed his intention to move for a new trial, assigning in said notice several statutory grounds. Thereafter respondent filed a paper indorsed "Statement in Lieu of Memo of Errors" containing the following:

"Comes now the defendant above named, by its

attorneys, and says: That in its notice of intention to move for a new trial, heretofore filed in said above-entitled action, one of the grounds named, and upon which defendant chiefly relies, is the ground as stated in section 5320, R. L. Nevada 1912, to wit: 'Error in law occurring at the trial and excepted to by the party making the application.' That the records in said case, and particularly the stenographer's report of the evidence, has [have] all been destroyed, and that therefore defendant is without any means or information with which to prepare, serve, and file, as required by law, its memorandum of errors upon which said defendant chiefly relies on its said 'Notice of Intention to Move for a New Trial.' ".

Thereafter, on motion of respondent, the court made the following order, granting a new trial:

"It is hereby ordered that the motion of the defendant heretofore made for a new trial of the above-entitled action be, and the same is hereby, granted, and that a new trial of the issues in the above-entitled action be had, on the grounds that the stenographic notes of the official stenographer who reported the proceedings upon the trial of said action have been destroyed by fire, and the defendant is therefore deprived of the use and benefit of the same, with which to prepare, serve, and file its memo of errors herein."

The action of the trial court in awarding a new trial for this cause is assigned as error by appellant.

In support thereof it is urged: (1) That the reason given by the court for awarding a new trial is not included in the grounds enumerated in the statute for granting a new trial, and that such grounds are exclusive; and (2) that no showing whatever is made that a proper record ·could not have been made by respondent upon which to base its motion for a new trial, notwithstanding the loss of the stenographer's notes.

1, 2. The latter contention is well taken, and we therefore conclude that it is not necessary to determine whether or not the section of the Civil Practice Act

prescribing grounds for a new trial includes all the cases in which a district court may grant a new trial. Assuming, but not deciding, that the statutory enumeration of causes for a new trial is not exclusive, we· are nevertheless of the opinion that the loss of the reporter's notes in the instant case did not authorize the court to grant a new trial. If a trial court has inherent power to grant a new trial for causes other than those enumerated in the statute, it .must be for some cause that was good at common law. The general rule at common law was that a new trial would be granted where an injustice had been done. 12 Ency. Pl. & Pr. 718.

This court in Scott v. Haines, 4 Nev. 426, speaking of the authority of courts to grant a new trial, said:

"Without saying that this section embraces all cases in which a district court may grant a new trial, it may be safely said that a verdict or other decision 'cannot be set aside where no irregularity or error whatever is shown, and the verdict or decision is in accordance with and justified by the evidence.' The court in such case has no more right to set aside a verdict or decision than it has to render a judgment without pursuing the forms prescribed by law. Error in some respects, or injustice in the result, alone authorizes an interference with a judgment or decree once rendered."

3. It does not appear that there has been any irregularity or error in the proceedings or trial of this case, or that any injustice has resulted, and, in the absence of any showing to the contrary, it must be presumed that the case is free from error, and that the judgment is a just one.

4. It is urged that injustice will result from the loss of the reporter's notes because, by reason thereof, counsel for respondent is unable to prepare and present to the trial court a memorandum of errors upon which respondent chiefly relies on its motion for a new trial. But there has been no showing made to this effect. The errors claimed may have been few and simple, and the information necessary to the preparation of a proper

record for the lower court and the appeal as well supplied from other sources than the reporter's notes. The trial judge's recollection of what transpired at the trial as to the objections made, rulings thereon, and exceptions taken, and the evidence necessary to properly present the points, or counsel's own recollection or notes, so far as the record discloses, may have been ample in this respect. It does not appear by affidavit or other appropriate way that a sufficient record could not have been obtained from these sources. In fact, counsel for respondent seems to have relied solely upon the point that, because they were deprived of the use and benefit of the reporter's notes to make up their memorandum of errors, respondent was entitled to a new trial. This, as appears by the order of the court, was the sole ground upon which the new trial was granted. The order was not made upon the ground that the respondent had lost the benefit of his exceptions through the loss of the stenographer's notes, but upon the ground that it was deprived of the use and benefit of the same.

The court in its opinion cites 20 R. C. L. 288, where the rule is stated that, it seems to be well established as a general rule, where a party has lost the benefit of his exceptions from causes beyond his control, a new trial is properly awarded, although it has been held otherwise in a few jurisdictions. Conceding this to be the general rule in those states where the statutory grounds for a new trial are not exclusive, still it does not appear in this case that the respondent has lost the benefit of his exceptions through the destruction of the reporter's notes. The most that has been shown is that the notes have been destroyed.

In Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048, cited and discussed by the trial court, in which an order denying a new trial was reversed because a portion of the evidence, objections, and rulings of the court thereon, and exceptions, together with the depositions of witnesses read upon the trial, had been lost by the reporter who took down the shorthand notes

of the trial and could not be duplicated, it appears that both parties agreed that, because of the inability of the plaintiff in error to furnish the necessary record, a new trial should be granted. Moreover, a confession of error signed by the attorney-general, prosecuting attorney, and special attorney who assisted the latter at the trial was filed, wherein manifest error, prejudicial to the rights of the plaintiff in error, was admitted in the proceedings of the court. These circumstances, together with the fact that the defendant had been convicted of the crime of murder and sentenced to death, lead us to regard Richardson v. State as an extreme case. Neither does it represent the weight of authority on this point. While it has been held in other jurisdictions that the loss or destruction of the reporter's notes is ground for a new trial, yet the weight of authority upon the principle involved, in those jurisdictions where the statutory grounds for a new trial are not exclusive, is to the effect that where a record, papers, or evidence necessary to a determination of a case have been lost or destroyed without the possibility of substitution, a new trial will be granted. 20 R. C. L. 288; Bailey v. United States, 3 Okl. Cr. 175, 104 Pac. 917, 25 L. R. A. (N. S.) 860.

As stated in the note to the last citation:

"This rule presupposes that there is no means available to appellant of restoring the record. Where such means are available, he is, of course, bound to avail himself of them."

Even though we grant, for the purposes of this decision, that the trial court was not limited in its jurisdiction by the grounds enumerated in the statute, it was without authority to order a new trial upon the mere fact of the destruction of the reporter's notes.

The order granting a new trial is reversed.