[Civ. No. 5226.   Fourth Dist.   Mar. 5, 1956.]

A. L. AYLMER et al., Plaintiffs and Appellants, v. ALICE F. AYLMER, Defendant and Appellant.

A. L. Aylmer and A. W. Aylmer, in pro. per., and L. S. B. Ritchie for Plaintiffs and Appellants.

Hennigan & Ryneal for Defendant and Appellant.

GRIFFIN, J.—Plaintiffs A. L. Aylmer and A. W. Aylmer, brothers, and both attorneys at law, brought this action against defendant Alice F. Aylmer, their sister, seeking to reform the lot description in a certain deed signed by their mother in September, 1930, whereby it is claimed she conveyed to the three children, in equal shares, certain ranch property in Riverside County (92 acres) and the home property in

Los Angeles County (a house and lot). This deed was not recorded by plaintiffs until after the death of the mother on July 16, 1947. In a second cause of action plaintiffs seek to quiet title against defendant to their respective claimed one-third interests in said property. In a third and fourth cause of action plaintiffs seek to remove a cloud on their title by reason of the recordation, in August, 1938, of a deed to defendant by their mother, of the home property, dated February 25, 1938, and a similar deed of the ranch property dated October 9, 1935, and recorded December 24, 1935, as well as a grant deed of the ranch property executed by their mother and father in defendant's favor in September, 1928, which was not recorded until December 24, 1935. The claim is that said deeds were obtained by defendant by undue influence and that her mother had already conveyed title thereto to the three of them by the 1930 deed. An accounting is also sought.

Defendant answered, denied generally the allegations of the complaint, but claims she was the owner in fee of such property by virtue of the deeds above mentioned and claims the deed of 1930, to the three of them, was never delivered or was delivered conditionally, and was obtained by plaintiffs by fraud in that they represented to their mother that she could dispose of that property during her lifetime; that defendant had been in open and notorious possession of the property and received the rents therefrom and paid taxes thereon since 1928, and that plaintiffs claimed no right and title to the property until after their mother's death and until this action was commenced in 1950. By a cross-complaint she sought to cancel the purported deed to the property to the three of them and sought damages for claimed slander of defendant's title in the sum of $6,000.

The case, which was reported, was tried upon the issues thus presented. It lasted three days and concluded on July 1, 1953. Depositions and a large amount of documentary evidence were received. On September 29th the court filed a memorandum decision. On October 15th a judgment was signed in favor of defendant and she was allowed $2,500 recovery on her .cross-complaint. ▉ Notice of entry of judgment was served on *October 21, 1953.* On November 2d, plaintiffs filed a notice of intention to move for an order vacating and setting aside the judgment and granting a new trial on the statutory grounds specified in section 657 of the Code of Civil Procedure, including insufficiency of the

evidence. By signed order dated December 22, 1953, and filed December 23, 1953, the 63d day after notice of entry of judgment, the court ordered, pursuant to section 662 of the Code of Civil Procedure, in lieu of granting a new trial, that the findings and judgment entered be vacated and set aside and ordered that the matter be reopened for further proceedings and the introduction of further and additional evidence. The clerk's minutes of December 23d contained the same order. There were no minute orders nor written orders entered on December 21st, which concededly was the last day allowed by law to rule on the motion. It appears upon the face of this record that the motion for new trial had been automatically denied by operation of law, and the court had no jurisdiction to act at that time. (Code Civ. Proc., § 660; *Dempsey* v. *Market St. Ry. Co.*, 23 Cal.2d 110 [142 P.2d 927]; *Millsap* v. *Hooper*, 34 Cal.2d 192 [208 P.2d 982].)

Thereafter, defendant moved to strike the above order from the files on the same ground. Affidavits were filed, including one by the trial judge and clerk of the court, wherein they recited that the motion for new trial was submitted for decision on December 3, 1953, and at 4 p. m. on December 21st, they were reminded that the last day to rule on the motion was that day, and at 4 p. m. the judge made a verbal order that in lieu of granting a new trial he would enter an order under section 662 of the Code of Civil Procedure vacating and setting aside the findings and judgment, ordered the matter reopened for further proceedings and the introduction of further and additional evidence, and delivered a written memorandum to the clerk directing him to enter such an order in the minutes; that the clerk did not do so but on the next day, December 22d, he prepared a formal order to this effect and the judge signed it and directed the clerk to enter it; that the order was inadvertently dated December 22d, instead of December 21st, and was entered in the clerk's minutes on December 22d and was inadvertently not filed until December 23d.

The trial judge then, on January 12, 1954, signed an order to the same effect, directing the clerk to enter it *"nunc pro tunc"* as of December 21, 1954. It is defendant's first claim that the trial court had no jurisdiction to make such an order and that it lost jurisdiction to rule upon the motion for new trial.

In *Lauchere* v. *Lambert*, 210 Cal. 274 [291 P. 412], the Supreme Court held that the trial court, after the entry of an order granting a motion for new trial as prayed for (which motion was made on all the statutory grounds) had the power to make, on its own motion, a *nunc pro tunc* order correcting its former order by showing that the motion for new trial was granted as prayed for, and particularly on the ground of insufficiency of the evidence to justify the verdict. It recited that the clerk had inadvertently omitted from the former order the specification that the motion was granted on said ground. The order was sustained even though the *nunc pro tunc* order was made more than six months after the former order.

In *Roth* v. *Marston,* 110 Cal.App.2d 249 [242 P.2d 375], the appellate court held that the trial judge had no authority to correct a claimed error in an order granting a new trial on the ground of insufficiency of the evidence if not made within 10 days after entry of the original order, and said, in connection with such an order:

"When the time within which the judicial act must be done is jurisdictional, the court cannot circumvent the clear mandate of the statute by filing an order *nunc pro tunc.* In such a circumstance, it is immaterial whether the default be that of the court or of the litigant . . ."; that in enacting section 657 of the Code of Civil Procedure, as amended in 1939, the purpose "was to set up, in effect, a *statute of limitation* on the *time* within which a trial court can, either by original action or by *nunc pro tunc* order, specify *insufficiency of the evidence* as a ground for an order granting a new trial."

This limitation applies to the granting of a new trial on the grounds of insufficiency of the evidence. Our attention has not been called to any statute otherwise fixing a limitation in which the record may be corrected to speak the truth in reference to clerical errors. Accordingly, it must be held that the order *nunc pro tunc* sufficiently gave the court jurisdiction to act on the motion. (See also *Livesay* v. *Deibert,* 3 Cal.App.2d 140 [39 P.2d 466]; *Carter* v. *J. W. Silver Trucking Co.,* 4 Cal.2d 198 [47 P.2d 733]; *National Farmers Union Auto. & Cas. Co.* v. *Wood,* 207 F.2d 659.)

█ On July 16, 1954, counsel for the respective parties received a letter from the trial judge informing them:

"This matter has been one of tangled situations and problems. To add to the complications, my court reporter . . .

just passed away and with his death the problem of the record in the case becomes apparent.

"There is every likelihood of an eventual appeal in this case, in which event there would have to be an entire new trial by reason of the fact that there is no stenographic record. I have made inquiry, and there is no possibility of having the reporter's notes transcribed, since he wrote his own manual shorthand.

"If I am correct in my surmise that there will, in all likelihood be an appeal, I am making this inquiry of counsel to get their reaction to see if it would not be better, instead of spending some time taking additional evidence, which would all have to be retaken at a new trial, to try the case de novo?

"There are problems connected with this decision running both ways and having favorable and unfavorable overtones for both parties.

"I would be pleased to have counsel consult between themselves regarding this matter if they desire to do so, or to contact me by letter and give me their viewpoints."

It appears from the briefs that plaintiffs' counsel requested a trial de novo. After a pretrial conference, the trial judge signed a memorandum order on July 26, reciting that the parties might introduce further evidence on the cross-complaint and a limited amount of evidence in reference to the delivery of certain deeds, and allowed depositions to be taken for this purpose. At the limited trial, with another reporter, objection was made by plaintiffs to taking only the limited evidence ordered, and demand was made for a new trial de novo. The objection was overruled with the statement of the trial judge that "It is impossible to effect a stipulated settled statement of fact in which the court might make a ruling. I think the matter may come up on a motion for a complete record. I think we should proceed at this time."

Certain evidence was thereafter received and the court signed new findings in favor of defendant and ordered that she take nothing by her cross-complaint. On November 29, 1954, judgment was entered accordingly.

On December 10, 1954, plaintiffs moved for a new trial on the statutory grounds set forth in section 657 of the Code of Civil Procedure, including the further ground set forth in section 953e of the Code of Civil Procedure, that no phonographic report of the first trial was obtainable due to the death of the reporter. After hearing thereon, the court, on February 9, 1955, denied the motion on all grounds and plaintiffs appeal

from the judgment and order denying a new trial under section 953e, *supra*. Defendant appeals from the judgment denying her relief on her cross-complaint. The only reporter's transcript produced on appeal was comparatively short and consisted of the limited evidence taken after the first hearing.

The main contention of plaintiffs is that the court prejudicially erred in denying plaintiffs a new trial under section 953e, *supra*, and they cite *Weisbecker* v. *Weisbecker*, 71 Cal. App.2d 41, 49 [161 P.2d 990], where it is said, under somewhat similar circumstances:

"The remedial aspect of Code of Civil Procedure, section 953e, must not be lost sight of. This section was added to the code in 1931 for the purpose of changing the rule announced in *Diamond* v. *Superior Court,* 189 Cal. 732 [210 P. 36], which had held that a new trial could not be granted on account of the death of a court reporter since this was not then one of the statutory grounds for new trial. . . . Obviously, section 953e confers no absolute right to a new trial, and each case must stand upon its own merits. In the various cases cited by respondent where a new trial was held properly denied, there was either an unconscionable delay of many months or other facts quite divergent from those in the instant case, hence those cases cannot be considered authority governing the present decision. Where, as in the present case, an appellant has proceeded in the customary manner to perfect an appeal, has acted with reasonable promptness upon learning of the reporter's death, and the contentions of appellant are dependent upon voluminous evidence taken during a three day trial, the emergency situation contemplated by section 953e seems to be present. Under these circumstances a denial of the new trial provided for in such section exceeds the bounds of judicial reason and therefore must amount to an abuse of discretion." The court there reversed the order denying a new trial.

Defendant sets forth at length her version of what the testimony was at the first trial, with which plaintiffs do not agree. They argue that this fact emphasizes the necessity of that evidence in support of their claims on appeal; and that it also destroys the argument of defendant's counsel that plaintiffs should have obtained a settled statement of facts, and since they submitted none to the court they waived the right to a reporter's transcript. Defendant contends that plaintiffs' failure to move for a new trial immediately after learning of the death of the court reporter and after the court indicated it did not intend to grant a complete new trial, also constituted a waiver of such right; that it would be unfair

and inequitable to permit plaintiffs to accept the court's ruling denying them a new trial, knowing of the death of the court reporter, presumably in the hope that they would benefit by the further hearing, and to then make a motion regarding the death of the court reporter. We do not believe the evidence justifies these conclusions. (*Fickett* v. *Rauch,* 31 Cal.2d 110 [187 P.2d 402].)

Since it affirmatively appears that the evidence taken at the first hearing is necessary to a proper determination of the claims of the plaintiffs on this appeal, that the reporter's notes could not be read; that there was no unnecessary delay in bringing to the court's attention the necessity of having a reporter's transcript prepared in case of an appeal (which view was apparently originally shared by the trial judge), and since there appears to be no adequate ground to hold that plaintiffs waived their right to move for a new trial under section 953e of the Code of Civil Procedure, we must conclude that it was an abuse of discretion not to grant the motion on that ground.

In the authorities relied upon by defendant, such as *Duarte* v. *Rivers,* 90 Cal.App.2d 152 [202 P.2d 612] ; and *Caminetti* v. *Edward Brown & Sons,* 23 Cal.2d 511 [144 P.2d 570], lack of diligence and unreasonable and unnecessary delay were fully indicated, justifying the order denying a new trial.

Judgment and order denying a new trial reversed.

Barnard, P. J., and Mussell, J., concurred.

Defendant and appellant's petition for a hearing by the Supreme Court was denied May 2, 1956.