[Civ. No. 22661.   Second Dist., Div. Three.   May 27, 1958.]

LEWIS B. FELDMAN, Plaintiff and Appellant, v. LEON-
ARD KATZ et al., Respondents; NELLIE FELDMAN
et al., Cross-defendants and Appellants.

Louis Thomas Hiller for Appellants.

Henry J. Merdink for Respondents.

PATROSSO, J. pro. tem.*—Appeal by plaintiff and cross-
defendants from an order denying their motion for a new trial

---

*Assigned by Chairman of Judicial Council.

made pursuant to section 953e of the Code of Civil Procedure upon the ground of the impossibility of securing a phonographic report of the proceedings had upon the trial due to the death of the stenographic reporter.

This action was instituted by plaintiff to quiet title to and recover possession of an improved parcel of real property in the city of Los Angeles. The defendants filed an answer and cross-complaint. The latter was directed against the plaintiff and other named cross-defendants and thereby defendants sought specific performance of an alleged oral contract for the sale of the real property in question or in the alternative for damages.

The following facts are made to appear without conflict:

On September 5, 1956, judgment was entered in favor of the defendants and cross-complainants and against the plaintiff and cross-defendants. On September 28, 1956, the present attorney for the plaintiff and cross-defendants was substituted in the place and stead of their former attorney of record who had participated in the trial of the action. On October 8, 1956, plaintiff and cross-defendants filed notice of appeal from the judgment and on October 10, 1956, they filed a notice to the clerk to prepare clerk's and reporter's transcripts upon appeal. On November 1, 1956, counsel for the appellants was advised by the trial judge that Mrs. Price, the stenographic reporter who had acted as such upon the hearing of the cause, had suffered a stroke and was disabled from transcribing her notes and that her notes could not be transcribed by any other reporter. An effort was thereupon made to have other reporters in the shorthand pool transcribe her notes, but none was found who was able to do so and Mrs. Price in the meantime died.

Following Mrs. Price's death, and on November 28, 1956, appellants filed their notice of motion for a new trial pursuant to Code of Civil Procedure, section 953e. Accompanying the notice of motion was an affidavit by appellants' counsel which recited the facts hereinbefore stated. In addition, the affidavit avers that the trial judge had advised counsel for the appellants to communicate with the attorney for the respondents as well as the former attorney for the appellants in an endeavor to work out an agreed statement of the facts of the case; that appellants' attorney did call the former attorney for the appellants and was by him advised "that he, in all fairness to his former clients, could not arrive at an agree-

ment as to the statement of facts because of the many variances in the testimony of the witnesses at the trial, and the absence of any written notes to assist him in reconstructing said testimony.'' Said former counsel further advised appellants' attorney that the trial had occupied four days "and that many factual issues developed at the trial including rulings on objections to testimony, both oral and documentary, and that he had no recollection of all of said issues or rulings." The affidavit further avers that present counsel for the appellants "has no knowledge whatsoever of the facts of the case and was unable to obtain a detailed analysis of the testimony of the various witnesses from his clients."

In opposition to the motion, counsel for the respondents filed an affidavit wherein none of the facts hereinabove recited is denied but in which it is stated that in conversations with the present attorney for the appellants he informed him "of his willingness to endeavor to agree on a Statement of Facts; that if an attempt had been made to agree on a statement of Facts, a satisfactory Statement might and probably could have been agreed upon,'' but none was submitted or proposed.

The motion for new trial came on for hearing on November 30, 1956, before Judge McKesson who had tried the case and was continued for 10 days by Judge McKesson in order to permit Mr. Van Horn, a certified shorthand reporter and the son-in-law of the deceased reporter, to make a further effort to have the notes of the deceased reporter transcribed, but Mr. Van Horn, as he avers in his affidavit, was unsuccessful in his attempt to find anyone capable of transcribing the notes. In the intervening period, Judge McKesson was appointed District Attorney of Los Angeles County and the hearing of the motion was thereupon transferred to Judge Ford, by whom it was heard on December 18, 1956, and denied on December 28, 1956.

The rule is well settled that there is no compulsion upon a trial court to grant a new trial under section 953e; that the exercise of power by the court under that section is discretionary and whether the court has abused its discretion depends on the facts of the particular case. Such discretion is not unlimited but is a legal discretion, the exercise of which is reviewable. (*Fickett* v. *Rauch* (1947), 31 Cal.2d 110, 112 [187 P.2d 402].)

Recognizing the rule to be as above stated, the appellants contend that under the circumstances present in the

case at bar, a denial of their motion for a new trial constituted an abuse of discretion, and we are constrained to agree.

Respondents concede that, as in the case last cited, where the order denying a motion for new trial under section 953e was reversed, the appellants here were diligent in taking their appeal and in undertaking to secure a clerk's and reporter's transcript. It is likewise admitted that due to the disability of the reporter and her subsequent death, and the inability to find another reporter who could read her notes, it was impossible to secure a transcript of the proceedings had upon the trial. The only reason assigned by respondents in support of the trial court's ruling is that appellants did not make a diligent effort to prepare a record, either by way of an agreed statement or settled statement pursuant to rule 4(e) of Rules on Appeal. However, it appears from the affidavit of appellants' present counsel that he did, in accordance with Judge McKesson's suggestion, communicate with the former attorney for the appellants as well as the attorney for the respondents with respect to the preparation of a statement of the case and that he was advised by appellants' former counsel that due to the length of the trial and the fact that he had no notes of the testimony of the various witnesses, he was not in a position to furnish the factual data necessary for the preparation of such a statement. Under the circumstances it was manifestly impossible for the appellants' present counsel, who had not participated in the trial, to undertake the preparation of any such record unless he could obtain the requisite information with respect thereto from former counsel. It must be remembered too, that present counsel for appellants was substituted in the case before the appeal was taken and before the disability of the court reporter occurred, and when the substitution was effected no one had reason to believe that there would be any difficulty in securing the necessary transcript of the oral proceedings. Moreover, the affidavit of counsel for the respondents filed in opposition to the motion for new trial does not cause one to believe that there was any real possibility of agreement upon an agreed or settled statement. In this affidavit, as previously noted, it is merely stated that respondents' counsel informed appellants' attorney "of his willingness to endeavor to agree on a Statement of Facts; that if an attempt had been made to agree on a statement of Facts, a satisfactory Statement might and probably could

have been agreed upon.'' It is noteworthy that nothing is said therein as to whether respondents' counsel had in his possession notes of the testimony and proceedings had upon the trial or if so, that he offered to make the same available for the use of appellants' counsel. Furthermore, it is extremely doubtful that a settled statement could have been prepared due to the fact that Judge McKesson, who had tried the case and was familiar with the proceedings upon the trial, had ceased to hold judicial office, and consequently any proposed statement would have had to be settled by a judge who did not preside at the trial. In this respect the case here is much stronger than that presented in *Fickett* v. *Rauch, supra,* where at page 116 the Supreme Court says:

''The appellant is not necessarily required to prepare a settled statement pursuant to rule 4(e) of the Rules on Appeal. That remedy, as stated in the rule, is in addition to any remedy given by law. Therefore, in the absence of a transcript, it would be unreasonable to require an appellant to prepare a settled statement from insufficient data. The respondent does not contend that existing data is sufficient. He is content to rely on possible notes taken at the trial and his offer made to appellant's counsel to procure affidavits of his witnesses setting forth their recollection of what their testimony was—an offer which the appellant was certainly within his rights to reject.''

The following statements in *Weisbecker* v. *Weisbecker* (1945), 71 Cal.App.2d 41, 47 [161 P.2d 990], also appear to be particularly apposite to the situation here presented:

''In the present case, it is difficult to see wherein the appellant's attorney acted in any manner different from that which might reasonably be expected under the existing circumstances. The appeal was initiated in customary and timely manner; there were the usual telephonic conversations with the reporter concerning progress; the attorney was advised that no rights were being prejudiced and that the opposing attorney consented to the delay. As soon as knowledge of the reporter's sudden death came to the attorney's attention, the motion for new trial was filed. If then, the appellant has acted in a reasonable manner, and by the sudden death of the reporter has been denied the use of a stenographic transcript for use on appeal, it appears that the conditions described in Code of Civil Procedure, section 953e, are present and that under the circumstances here existing a denial of the new

trial provided for in that section must be deemed unreasonable.

"The respondent's principal contentions, as contained in a supplementary brief, are that a reporter's transcript was not needed, and that appellant exercised no diligence and has shown no good cause for the relief asked. In this connection it is asserted that 'defendant took no steps to secure a record under the provisions of Rule 4(e) on appeal.' Such rule provides that 'If, without fault of the appellant, the reporter refuses or becomes unable or fails to transcribe all or any portion of the oral proceedings designated by the parties, the clerk shall mail notice' thereof to the parties, whereupon a motion may be made 'for leave to prepare a settled statement of such portions of the oral proceedings.' However, as pointed out by appellant, such rule provides that 'this remedy is in addition to any remedy given by law,' and therefore any failure to move for a settled statement should not be considered a penalizing circumstance in connection with appellant's motion for new trial under Code of Civil Procedure, section 953e. Furthermore, it is difficult to see how the appellant could prepare an adequate statement of the evidence, or indeed, under any appellate procedure, intelligently present her contention that the judgment was contrary to the evidence, without the aid of a transcript or some other equivalent data nonexistent in this case." And at page 49: "Where, as in the present case, an appellant has proceeded in the customary manner to perfect an appeal, has acted with reasonable promptness upon learning of the reporter's death, and the contentions of appellant are dependent upon voluminous evidence taken during a three day trial, the emergency situation contemplated by section 953e seems to be present. Under these circumstances a denial of the new trial provided for in such section exceeds the bounds of judicial reason and therefore must amount to an abuse of discretion."

In view of all of the circumstances in the case at bar: The diligence and promptness with which the appeal was taken, as well as the necessary steps to procure a reporter's transcript of the proceedings upon the trial, and the practical impossibility of proceeding by way of settled statement due not only to the lack of available data to enable counsel for appellants to prepare a statement on appeal, but to the fact that the judge who tried the cause had ceased to hold judicial office, we are impelled to conclude that the case is one within both the letter and spirit of section 953e and that the court erred in denying the motion for new trial. We are further

confirmed in this view by an examination of the findings and judgment, a reading of which suggests that there may well be serious questions as to the correctness of at least some of the provisions therein contained.

The order appealed from is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied June 19, 1958, and respondents' petition for a hearing by the Supreme Court was denied July 23, 1958.