258

ALAN BERGENDAHL, KINGS INN CASINO, LTD., A NEVADA CORPORATION, G.M.F.C. OF NEVADA, INC., B.C.I. OF NEVADA, INC., SOVEREIGN ENTER-PRISES, INC., A GENERAL PARTNER, JAMES MAL-LEN, AS A TRUSTEE OF ALAN BERGENDAHL AND HIS VARIOUS CORPORATE AND BUSINESS ENTITIES, MATTHEW CHOTAS, OTIS K. SCOGGIN, JOSEPH FISCHER, APPELLANTS, v. MARSHALL P. DAVIS, RESPONDENT.

No. 16510

June 26, 1986                    720 P.2d 694

*Vargas & Bartlett; Bowen, Swafford, Hoffman & Test; Woodburn, Wedge, Blakey & Jeppson; O'Mara & Kosinski,* Reno, for Appellants.

*Robison, Lyle, Belaustegui & Robb,* Reno; *Robert E. Rose,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment, following a bench trial, against all appellants jointly and severally in the amount of $310,000. Because we conclude that an inordinate delay between the trial and the district court's judgment effectively deprived appellants of their right to an appeal, we reverse and remand this matter for a new trial.

Respondent Davis sued appellants Chotas, Scoggin and Fischer for breach of a limited partnership agreement, breach of fiduciary duty, and conversion of a partnership asset. In the same action, Davis sued appellant Bergendahl and his various corporate entities for intentionally inducing Chotas, Scoggin and Fischer to breach their limited partnership agreement with Davis and for conversion of a partnership asset. Bergendahl and his various corporate entities cross-claimed against Chotas, Scoggin and Fischer.

Following a seven day bench trial,[1] Judge John W. Barrett took the case under advisement in January of 1978. On December 20, 1984, almost seven years after trial, Judge Barrett issued a judgment against all of the appellants and denied Bergendahl's cross-claim.

On February 8, 1985, Judge Charles M. McGee replaced Judge Barrett on the bench. Subsequently, appellants filed various post-trial motions with Judge McGee requesting a new trial on the ground that the court reporter's notes had been destroyed during the seven year interval between trial and judgment.[2] Judge McGee denied the motions, and this appeal followed.

Although we granted appellants several extensions of time to produce the record on appeal, appellants have not been able to

---

[1] The district court's findings of fact indicate that the trial lasted only five days. However, the appellants' statements of the evidence indicate that the trial was seven days long. Davis did not contradict these assertions.

[2] Pursuant to an informal policy among court reporters in Washoe County, trial notes apparently are destroyed five years after trial. In this case, one day's worth of trial notes were not destroyed. However, the remaining six day's worth of trial notes were destroyed.

piece together an adequate record from the documents filed in the district court, the memories of the parties, and other available sources. Appellants contend that the seven year delay and the unavailability of a transcript have effectively deprived them of the right to an appeal in violation of due process of law. We agree.

We cannot understand, nor can we condone, the seven year delay between the trial and the decision of this case. We express our dismay and our displeasure that such a delay could occur in the courts of this state.

We recognize that delay, in and of itself, is not necessarily grounds for reversal of a district court's judgment. *See* Anderson v. Richards, 96 Nev. 318, 608 P.2d 1096 (1980); Exton Drive-In, Inc. v. Home Indemnity Co., 261 A.2d 319, 323 (Pa.), *cert. denied,* 400 U.S. 819 (1970). Nor is the lack of a transcript, without more, sufficient justification for a reversal. *See* Shute v. Big Meadow Inv. Co., 45 Nev. 99, 198 P. 227 (1921). However, when delay results in severe prejudice to the right to an appeal of one of the parties, as it has in this case, the wrong can best be remedied by ordering a new trial. Further, when a transcript necessary to the proper disposition of an appeal is unavailable through no fault of the appellants, a new trial may be the only remedy that will serve the ends of justice. *See* Feldman v. Katz, 325 P.2d 597 (Cal.Dist.Ct.App. 1958) (where court reporter died and stenographic notes could not be transcribed, trial court abused its discretion by denying motion for new trial); Brooks v. National Shawmut Bank of Boston, 84 N.E.2d 318 (Mass. 1949) (stenographer's death entitled appellant to new trial); Morgan Express, Inc. v. Elizabeth-Perkins, Inc., 525 S.W.2d 312 (Tex. Civ.App. 1975) (where no record was kept of the evidence presented at a default proceeding, appellant was entitled to new trial because of lack of a transcript); Reliance National Life Insurance Company v. Caine, 439 P.2d 283 (Utah 1968) (where piecemeal trial resulted in the lack of an adequate transcript, a new trial was ordered).

On the record presently before us, we cannot decide the complex factual and legal disputes involved in this appeal. Accordingly, we reverse the judgment of the district court, and we remand this case for further proceedings.