[No. B042651. Second Dist., Div. Five. May 16, 1990.]

BETSY WEINSTEIN et al., Plaintiffs and Appellants, v.
E. F. HUTTON & CO., INC., et al., Defendants and Respondents.

**COUNSEL**

Stanbury & Fishelman and Bruce C. Fishelman for Plaintiffs and Appellants.

Keesal, Young & Logan, Michael M. Gless and Robert D. Feighner for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—Plaintiffs and appellants Sanford M. Weinstein and others sued defendants and respondents E. F. Hutton & Co., Inc., and others to recover investment losses, asserting various theories of fraud,

misrepresentation, negligence and breach of fiduciary duty. After a three-day nonjury trial, the court entered judgment in favor of respondents. Appellants appealed that judgment, but then discovered that the reporter's transcript on appeal could not be completed because the reporter's notes of the first day of trial were lost.

Appellants moved the trial court to grant a new trial under Code of Civil Procedure section 914 on the ground of the loss of the reporter's notes. The trial court denied the motion for new trial. Instead, the court ordered that the witness who previously testified on the first day of trial testify again, and that a transcript of this new testimony be added to the transcript of the second and third days of trial in order to "complete" a record for the appeal. ■ Appellants appeal from the trial court's order denying their motion for new trial.[1]

■ We hold the procedure adopted by the trial court is not authorized. The permissible solutions to the problem of the missing reporter's notes are limited to stipulations, agreed statement, settled statement or a complete new trial. Since the trial court has never been requested by the parties to determine whether an agreed or settled statement can be reached, we remand the cause to the trial court for reconsideration of the permissible alternatives.

## FACTS

The declaration of appellants' attorney in support of the motion showed that he promptly requested the reporter's transcript, followed up on the reporter's progress and diligently moved for new trial upon learning that the reporter's notes of the first day of trial were missing. Counsel submitted an affidavit from the reporter stating that after a very extensive search of her office she had been unable to locate the notes and had good reason to believe that the box in which they were stored was inadvertently thrown out by some workmen. Appellants' counsel declared that the missing portion contained the entire direct examination and a substantial portion of the cross-examination of the key plaintiff, Sanford M. Weinstein, which was critical to appellants' case and to the appeal. Appellants' counsel further opined that it would not be possible to settle a statement because the missing testimony, involving investment transactions, was both detailed and complex; counsel declared his own notes and memory of the trial six months earlier were not sufficient to reconstruct the testimony, and counsel

---

[1] This order is appealable as an order after judgment. (*Fickett* v. *Rauch* (1947) 31 Cal.2d 110, 111 [187 Cal.Rptr. 402]; *Conlin* v. *Coyne* (1936) 15 Cal.App.2d 569, 571 [59 P.2d 884]; Code Civ. Proc., § 904.1, subd. (b).)

and his clients were unable to distinguish between in-court and out-of-court knowledge of the case.

Respondents opposed the motion for new trial. Respondents criticized appellants' claim that their own notes were too incomplete to reach an agreed or settled statement. Respondents asserted that although respondents' counsel's notes were complete, respondents "do not suggest this problem be solved through the use of an agreed or settled statement unless the trial court determines that its own notes of Dr. WEINSTEIN's prior testimony are sufficient to construct a settled statement. It is defendants' suggestion and request to the Court that the trial be reopened to permit Dr. WEINSTEIN to again provide his direct testimony on the record. The reporter's transcript relating to Dr. WEINSTEIN's cross-examination by defense counsel is still in existence. It is submitted this would protect plaintiffs' interests by providing plaintiffs with all missing testimony in a transcribed fashion. It would also prevent the unnecessary and unwarranted expense to all parties of an entire new trial since the transcript of the testimony of the other nine witnesses is still preserved."

Appellants opposed respondents' proposal, contending there is no authority for a partial retrial and that the suggested procedure would be inadequate to protect appellants' interests.

The trial court agreed with respondents' proposal and ordered as follows: "[T]hat plaintiffs' motion to vacate judgment and to order new trial is denied on the condition that the testimony of SANFORD M. WEINSTEIN be retaken and transcribed before a court reporter in order to preserve that testimony for the record on appeal. That transcript will form part of the record on appeal together with the two transcripts containing the testimony of the other witnesses who testified at the trial of this matter . . . ."

## DISCUSSION

There are several remedies available when the loss of a substantial portion of the reporter's notes of trial prevents completion of a reporter's transcript which is essential to an appeal.

Sometimes the parties can reach an agreed statement of facts or stipulation concerning the missing testimony. (See Rule 6, Cal. Rules of Court.)

In the absence of agreement there are two basic remedies: The appellant may have the trial court settle a statement of facts concerning the missing

portion (Rule 4(e), Cal. Rules of Court)[2] or the appellant may be granted a new trial. (Code Civ. Proc., § 914.)[3] (*Fickett* v. *Rauch, supra,* 31 Cal.2d at pp. 111-112, 116; *Weisbecker* v. *Weisbecker* (1945) 71 Cal.App.2d 41, 47-48 [161 P.2d 990]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 458-461, pp. 450-454; Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 80, 117-121; Witkin, *Four Years of the Rules on Appeal* (1947) 35 Cal.L.Rev. 477, 488-490.)

Although the choice is largely the appellant's, the trial court must take into account the rights of both parties. (*Fickett* v. *Rauch, supra,* 31 Cal.2d at p. 115.) Thus an appellant's request for new trial may be denied where the record strongly suggests an adequate settled statement could be reached. (*Conlin* v. *Coyne* (1937) 19 Cal.App.2d 78, 81-83 [64 P.2d 1123]; *Norris* v. *Norris* (1942) 50 Cal.App.2d 726, 734-735 [123 P.2d 847].) On the other hand, an appellant is not required to seek a settled statement where the data necessary for settling a statement are unavailable. (*Fickett* v. *Rauch, supra,* 31 Cal.2d at p. 116; *Weisbecker* v. *Weisbecker, supra,* 71 Cal.App.2d at p. 48; *Feldman* v. *Katz* (1958) 160 Cal.App.2d 836, 841 [325 P.2d 597]; *Aylmer* v. *Aylmer* (1956) 139 Cal.App.2d 696, 702 [294 P.2d 98].)

In the present case, neither party expressly requested the trial court to determine if a statement could be settled. Rather, respondents offered and the trial court accepted a third alternative. We find no authority, however, for this innovative procedure imposed over appellant's objection.

■ The order cannot be upheld as a *grant* of a *partial* new trial because *Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 7 [125 Cal.Rptr. 408] held that Code of Civil Procedure section 914 does not authorize a partial new trial.

■ The order is not supported on the theory of *Lilienthal* v. *Hastings Clothing Co.* (1954) 123 Cal.App.2d 91, 93-94, 96 [266 P.2d 56], which

---

[2] Rule 4(e), California Rules of Court, provides in pertinent part, "If, without fault of the appellant, the reporter . . . becomes unable . . . to transcribe all or any portion of the oral proceedings designated by the parties, . . . . the appellant may serve and file a notice of motion for leave to prepare a settled statement of such portions of the oral proceedings . . . . This remedy is in addition to any remedy given by law."

Rule 7, California Rules of Court, specifies procedures for obtaining a settled statement.

[3] Code of Civil Procedure section 914 provides: "When the right to a phonographic report has not been waived and *when it shall be impossible to have a phonographic report of the trial transcribed* by a stenographic reporter as provided by law or by rule, because of the death or disability of a reporter who participated as a stenographic reporter at the trial or *because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding.*" (Italics added.)

Code of Civil Procedure section 914 is derived from former Code of Civil Procedure section 953e. (Stats. 1943, ch. 1017, § 1, p. 2957.)

upheld the denial of a new trial where the appellant *arbitrarily* refused to consider *concessions or stipulations* offered by the respondent which would totally protect the appellant's interests on appeal while obviating the necessity for a new trial. Respondents' proposal here appears to have been offered in this spirit, but we believe appellants were not arbitrary in rejecting it. (See *Fickett* v. *Rauch, supra*, 31 Cal.2d at p. 116.) First, according to appellants' counsel, appellants' six supporting witnesses who testified on the second and third day of trial constantly referred back to the first day's testimony of Sanford Weinstein. Under respondents' proposal, Weinstein's new testimony would be superimposed for purposes of appeal upon the prior testimony of the other witnesses, who would not have the opportunity to testify again. Appellants reasonably argue that under such circumstances their case would appear disjointed and their interests would not be adequately protected. Second, the proposal is unworkable because it could provoke additional litigation or could be unfair to respondents themselves. Weinstein's new testimony would inevitably differ in some respects from his prior testimony. It is possible he would testify to new matter which respondents' witnesses had not addressed on the second and third days of the prior trial. Superimposing Weinstein's new testimony over respondents' prior defense would not fairly protect respondents' interests in the litigation.

■ Finally, the order cannot be upheld on the theory stated in several cases that when a trial judge has been requested to settle a statement of facts, the judge may use several available aids, including recalling witnesses to repeat their testimony. (*Western States Const. Co.* v. *Municipal Ct.* (1951) 38 Cal.2d 146, 150 [238 P.2d 562]; *People* v. *Gzikowski* (1982) 32 Cal.3d 580, 584-585, fn. 2 [186 Cal.Rptr. 339, 651 P.2d 1145]; *Keller* v. *Superior Court* (1950) 100 Cal.App.2d 231, 235 [223 P.2d 309]; *Eisenberg* v. *Superior Court* (1956) 142 Cal.App.2d 12, 20 [297 P.2d 803]; *People* v. *Jenkins* (1976) 55 Cal.App.3d Supp. 55, 64 [127 Cal.Rptr. 870].) These cases allow the taking of testimony only as an "aid" to assist the trial judge to remember and reconstruct the prior testimony in order to "settle" what the prior testimony stated. They do not support the trial court's order in this case, where it appears the new testimony would stand independently in place of the old, without the trial judge's performance of the necessary function of settling a statement of the prior testimony.

We hold, therefore, that the particular procedure adopted by the trial court's order is not authorized. We remand the cause to the trial court to reconsider the permissible alternatives of reaching an agreed or settled statement or granting a new trial.

The order denying a new trial is reversed and the cause remanded for further proceedings consistent with this opinion. The parties to bear their own costs on appeal.

Lucas, P. J., and Turner, J., concurred.