Filed 8/8/25  Zorikova v. Lamey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| ALLA ZORIKOVA, | E083246 |
| Plaintiff and Appellant, | (Super.Ct.No. CIVDS2017383) |
| v. | OPINION |
| TINA LAMEY et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Wilfred J. Schneider, Jr., Judge.  Affirmed.

Alla Zorikova, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

1

I.  BACKGROUND AND INTRODUCTION

In 2020, plaintiff and appellant Alla Zorikova filed a civil suit against defendant Tina Lamey asserting various causes of action arising out of the alleged theft of multiple dogs that had been in plaintiff's possession.[1]  The case was tried in a court trial over the course of three days in December 2023, and judgment was entered in favor of defendant at the conclusion of plaintiff's case in chief.  The record on appeal does not include any written motions for nonsuit, does not include a reporter's transcript of the trial or the hearing related to a nonsuit motion, and does not include an agreed or settled statement regarding the testimony or evidence presented at trial or the trial court's ruling on the motion for nonsuit.  The trial court also denied a motion for new trial brought by plaintiff.  The record on appeal does not include a written ruling or order related to the motion, a reporter's transcript of the hearing, or an agreed or settled statement related to resolution of the motion.

Plaintiff appeals from the judgment, arguing that the trial court erred by (1) granting a motion for nonsuit in favor of defendant, and (2) denying a motion for new trial.  Plaintiff has also filed a motion directly in this court seeking an order vacating the judgment and granting a new trial pursuant to Code of Civil Procedure[2] section 914.  We

---

[1]  Plaintiff also named other parties in her complaint.  However, these entities were never served with the complaint; the trial court dismissed the complaint as to them upon entry of judgment; and plaintiff has not challenged the dismissal of these parties in this appeal.  As such, we refer only to Tina Lamey as the defendant and respondent in this opinion.

[2]  Undesignated statutory references are to the Code of Civil Procedure.

conclude that the appellate record is inadequate to review the merits of plaintiff's claims of error on appeal, conclude that plaintiff is not entitled to relief under section 914, and affirm the judgment.

## II. DISCUSSION

A. *The Appellate Record Is Inadequate To Reach the Merits of Plaintiff's Claims*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 94, 608-609.) " ' " '[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " . . . 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Id.* at p. 609.)

Here, plaintiff challenges the trial court's grant of a nonsuit in favor of defendant. However, the only documents in the appellant's appendix related to the motion for nonsuit consist of a minute order and the judgment. Both documents disclose only that judgment was granted in defendant's favor, without any further explanation. Plaintiff has not furnished a reporter's transcript, agreed statement, or settled statement that would disclose the grounds for nonsuit argued by the parties or the trial court's reasoning in granting the motion.

Further, while "the granting of a nonsuit is reviewed de novo on appeal" (*Mejia v. Community Hospital of San Bernardino* (2002) 99 Cal.App.4th 1448, 1458; *Carachure v.*

*Scott* (2021) 70 Cal.App.5th 16, 25), plaintiff concedes that the record on appeal does not include the transcript of trial proceedings, and plaintiff has not included an agreed or settled statement summarizing the testimony or the evidence admitted at trial as an alternative form of the record for our consideration. Absent any record from which this court can determine the evidence actually presented at trial,[3] we are unable to review the merits of plaintiff's claim. As such, we must presume that the trial court's granting of a nonsuit was correct and affirm the judgment.

Similarly, plaintiff claims that the trial court erred in denying a motion for new trial. While plaintiff included her written motion requesting a new trial and defendant's written opposition as part of the record on appeal, the record contains no materials from which this court can determine the basis of the trial court's denial of plaintiff's motion. There is no written ruling or order disclosing the grounds upon which the trial court denied the motion,[4] no transcript of the hearing on the motion, and no agreed or settled statement from which this court can determine the trial court's grounds for denying the motion. Because the denial of a motion for new trial is reviewed for an abuse of

---

[3] We also note that the opening brief summarizes the pre-trial submissions but makes no effort to summarize the evidence actually presented at trial or cite to any portion of the appellate record where such evidence can be found, stating only that a "[b]ench trial took place from Dec 06 to Dec 11 of 2023." The failure to provide a summary of the significant facts and the failure to cite to the record regarding facts necessary for resolution of an issue forfeits any claim of error (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246) and is an independent ground for rejecting plaintiff's claim of error here.

[4] The appellant's appendix contains only a minute order stating that the motion was denied, without any explanation of the trial court's reasoning.

discretion (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 159; *Audish v. Macias* (2024) 102 Cal.App.5th 740, 753), we cannot reach the merits of plaintiff's claim where the appellate record gives no indication of the grounds upon which the trial court relied to exercise its discretion to deny the motion for new trial. Instead, we must presume the trial court's denial of the motion for new trial was correct and affirm the judgment.

B. *We Deny Plaintiff's Motion for New Trial Under Code of Civil Procedure Section 914*

Finally, plaintiff has filed a motion directly with this court requesting that we vacate the judgment and order a new trial pursuant to section 914. Generally, section 914 provides that "[w]hen the right to a phonographic report has not been waived and when it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter . . . because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction . . . of the notes of such reporter . . . the reviewing court shall have power to set aside and vacate the judgment . . . from which an appeal has been taken . . . and to order a new trial of the action or proceeding." (§ 914.) For the reasons set forth below, we deny plaintiff's motion.

First, section 914 applies only where the "right to a phonographic report has not been waived" (§ 914), and a phonographic report is defined as the report prepared by "[a]n official reporter or official reporter pro tempore of the superior court" (§ 269). Thus, "[s]ection 914 . . . by a plain reading does not apply to trial proceedings . . . that were officially electronically recorded and where no live 'stenographic' court reporter

5

was present," and "a court lacks authority to provide relief under section 914 under circumstances outside of the statutory prescriptions." (*Domus IV Investors, LLC v. Wang* (2024) 106 Cal.App.5th Supp. 1, 12.) Here, plaintiff concedes that there was no live stenographic court reporter present during any of the relevant proceedings, and the trial court and parties instead proceeded on the understanding that the proceedings would only be electronically recorded.[5] Thus, section 914 does not apply, and we are without power to grant relief under the circumstances presented here.

Second, even if section 914 did apply, plaintiff has not made a showing sufficient to warrant relief under the statute. "For a new trial to be granted because of destruction of the reporter's transcript, the moving party must show the impossibility of securing the transcript, the presence of substantial issues establishing the necessity of a transcript, and also demonstrate reasonable diligence." (*Santa Cruz County Redevelopment Agency v. Izant* (1995) 37 Cal.App.4th 141, 147.) "To determine if the reporter's transcript is necessary to present substantial issues, a reasonable test of substantiality is whether questions appellant desired to raise on appeal could be properly considered without the lost portion of the transcript. If they could, then the loss would not be considered substantial." (*Ibid.*) Thus, to obtain a new trial, it is not sufficient to show that some portion of the record has been destroyed. Instead, the appellant must also show that the alternative methods for providing an appellate record would not be adequate to resolve

---

[5] We acknowledge that plaintiff's motion asserts that she "did not waive her right to a phonographic report." However, plaintiff has not cited to any portion of the appellate record indicating that she ever objected to the absence of an official court reporter during her trial.

the issues raised in an appeal.  (See *Weinstein v. E.F. Hutton & Co.* (1990) 220 Cal.App.3d 364, 369 ["[A]n appellant's request for a new trial may be denied where the record strongly suggests an adequate settled statement could be reached."].)

Here, plaintiff has not made any attempt to secure an agreed or settled statement of relevant proceedings, which might serve as an acceptable substitute for a lost or missing reporter's transcript.  (*Weinstein*, *supra*, 220 Cal.App. 3d. at p. 368; Rules of Court, rules 8.130(h), 8.134, & 8.137.)  It may be that an agreed or settled statement will ultimately prove inadequate to review the merits of plaintiff's claims.  However, it would be speculative for this court to conclude that an agreed or settled statement would be inadequate where no attempt has been made to obtain such a statement in the first instance.[6]  Absent some attempt to obtain an alternative form of the record to facilitate appellate review, plaintiff has not met her burden to establish the necessity of a reporter's transcript or reasonable diligence, which are both prerequisites for obtaining the relief contemplated under section 914.

---

[6] We observe that even when an electronic recording of trial court proceedings is fully preserved, a party is still required to obtain an order to transcribe the recording or approval of a stipulation from the trial court before the electronic recording can be considered an acceptable substitute for a reporter's transcript on appeal.  (Rules of Court, rule 2.952(g), (j)(1).)  And, at the time of oral argument, plaintiff conceded that she never sought a settled statement or otherwise raised the issue of an inadequate record directly with the trial court before seeking relief in this court.  Thus, even if we were to accept plaintiff's representation that the superior court clerk should be faulted for failing to properly preserve an electronic recording of proceedings, such a representation alone would not be sufficient to show that plaintiff exercised reasonable diligence before seeking relief in this court.

## IV.  DISPOSITION

The judgment is affirmed.  Respondent to recover her costs on appeal.[7]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

---

[7] Respondent has not filed a brief in this appeal.  As such, we determine only that respondent is the prevailing party entitled to costs pursuant to Rules of Court Rule, rule 8.278(a).  We express no opinion regarding whether the trial court should award any costs as reasonable upon the filing of a verified memorandum pursuant to rule 8.278(c).