[Civ. No. 15625.   First Dist., Div. One.   Feb. 5, 1954.]

HILDA S. LILIENTHAL, Respondent, v. HASTINGS CLOTHING COMPANY (a Corporation) et al., Appellants.

Bronson, Bronson & McKinnon and Dana, Bledsoe & Smith and R. S. Cathcart for Appellants.

Sloss & Eliot and Elmer P. Delany for Respondent.

BRAY, J.—Defendants appeal from an order under section 953e, Code of Civil Procedure, granting plaintiff a new trial and vacating the judgment.

## QUESTION PRESENTED

Under the circumstances here, did the court abuse its discretion?

## RECORD

The action is one for personal injuries claimed to have been sustained by plaintiff in slipping on the floor of defendant Hastings' store. After a protracted trial (the transcript contains 1152 pages), the jury verdict was in favor of all defendants. Plaintiff moved for a new trial, which was denied. August 3, 1951, plaintiff filed notice of appeal from the judgment. August 9, plaintiff filed request for reporter's and clerk's transcripts. According to the affidavit of Attorney Sloss, one of plaintiff's attorneys, on October 10th he phoned the reporter inquiring why he had not been sent the estimate of the cost of the transcript. He was told that other matters had intervened and the estimate would be forthcoming as soon as possible. November 28th, the clerk mailed the estimate. December 5th, plaintiff deposited the estimated amount with the clerk. On January 4, 1952, February 20th or 26th, March 3d, March 4th, and March 21st, plaintiff was informed by the reporter that pressure of other business had held back the transcript's preparation but that it would be prepared at once. A copy of plaintiff's letter of protest of March 4th was sent the trial judge. Finally on May 5th plaintiff was informed by the latter that the reporter's notes for one trial day—June 25th—could not be found. May 20th, plaintiff filed a notice of motion to set aside and vacate the judgment and for new trial on the ground that it was impossible to obtain a transcript of the testimony due to the loss of the reporter's notes of one day. The trial court granted the motion.

## ABUSE OF DISCRETION

"When it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or rule . . . because of the loss or destruction, in whole or in *substantial part,* of the notes of such reporter, the court or a judge thereof shall have power to set aside and vacate the judgment . . . from which an appeal has been taken . . . and to order a new trial of the action . . ." (Code Civ. Proc., § 953e. Emphasis added.) The trial court has a wide discretion in passing on a motion for new trial under this section. Its action must not be disturbed unless it is clearly shown that it abused its discretion. Although this discretion

is a wide one, it is not unlimited, arbitrary or unrestricted. (*Caminetti* v. *Edward Brown & Sons,* 23 Cal.2d 511, 514 [144 P.2d 570].) In resolving the merits of such a motion the trial court must consider the rights of both the appellant and the respondent. (*Duarte* v. *Rivers,* 90 Cal.App.2d 152 [202 P.2d 612].) ". . . each case must be decided upon its own facts." (*Id.,* p. 155.)

█ Section 953e contemplates that the lost notes must constitute at least a *substantial* part of the transcript. It would seem that a reasonable test of substantiality would be whether the questions which an appellant desired to raise on appeal could be properly considered without them. If they could, the loss would not be substantial and hence there would be an abuse of discretion in granting a new trial because of their loss.

Here the trial consumed 12 days. The presentation of defendants' case commenced on the afternoon of the 10th day. It is the notes for the 11th day or the second day of defendants' case that are missing. According to the affidavit of one of defendants' atttorneys, not denied by plaintiff, said attorney when notified by plaintiff's attorney of the loss of the day's notes stated that defendants' counsel had taken accurate notes of the testimony of the witnesses of that day and offered to collaborate in an effort to work out a statement of that testimony. The offer was refused, plaintiff's attorney stating he intended to move for a new trial under section 953e.

In his affidavit accompanying the notice of that motion and on the hearing plaintiff's attorney stated that the lost record was necessary to support two contentions that plaintiff had made on the original motion for new trial and which he intended to make on appeal, (1) that the court in instructing the jury on the doctrine of assumption of risk committed error as there was no evidence to make the doctrine applicable, and (2) that the court erroneously admitted testimony to show the absence of other accidents either upon the floor in question or upon other store floors waxed with the same substance. In the affidavit in opposition to the motion, one of defendants' attorneys set forth in some detail his notes concerning the testimony of the witnesses on the day in question, showing that there was no testimony given on assumption of risk and that there was testimony to lack of complaints as to the floor in question and other similarly waxed floors, and pointed out that plaintiff in no way had

attempted to get defendants to agree on what occurred that day.

After the motion was submitted but before decision defendants served and filed a ''Proposed Settled Statement of Testimony Given June 25, 1951'' which set forth defendants' version of the testimony of that day including testimony of the kind claimed by plaintiff of lack of complaints, admitted over plaintiff's objections. The proposed statement conceded that no testimony was given on June 25 that in any way tended to establish the defense of assumption of risk by plaintiff. Plaintiff ignored the statement, and refused to discuss whether it was correct, or to propose any modification of it. Throughout the entire proceeding as well as in this court it has been plaintiff's position that the fact of the loss of the day's notes entitled her to a new trial, and that she is not required in any way to attempt to provide or join in providing any substitute therefor. At the hearing defendants offered to stipulate that on that day there was no testimony as to assumption of risk and that there was testimony to lack of complaint as to any floors waxed with the same substance admitted over plaintiff's objection. Plaintiff refused to accept the stipulation or to require any modification or amplification of it. On this appeal, defendants in their briefs continued to offer such a stipulation and at oral argument agreed that if the order granting the new trial is reversed defendants shall be bound by their offered stipulation.

It is obvious by the conduct of plaintiff from the moment of the discovery of the lost notes that plaintiff has refused to do anything that would obviate the necessity of a new trial, but considered she had a technical point which would require a new trial of an action that has already taken 12 days. In answer to the proposed stipulation she has stood on ingenious but unsound grounds of objection. For example, she has contended that this court could not consider a stipulation of the parties as to what occurred on the lost day, but would be required to assume that there was testimony on that day on the subject of assumption of risk, in spite of the stipulation that there was not. The absurdity of such contention is shown by such cases as *Palmer* v. *City of Long Beach*, 33 Cal.2d 134 [199 P.2d 952].

In *Diamond* v. *Superior Court*, 189 Cal. 732 [210 P. 36], in discussing the old system of presenting an appeal on a bill of exceptions, the court emphasized that the fact that the reporter's notes were unavailable did not excuse the appellant

from making a diligent effort to prepare a bill of exceptions from memory and such notes and data as he had, giving the other party an opportunity to present such amendments as he saw fit, even though this procedure "might have been vexatious and inexpedient . . ." (P. 738.) The statement in *Conlin* v. *Coyne,* 19 Cal.App.2d 78 [64 P.2d 1123], concerning the failure to attempt to obtain a bill of exceptions, is applicable to plaintiff's failure here to join in a stipulation (p. 82) : "Counsel merely assumed that it could not be done, but aside from the expressions of their belief in the matter, they made no showing that it was impossible or impracticable to do it." As said in *Potter* v. *Entler,* 71 Cal.App.2d 710, 712 [163 P.2d 490] : ". . . there is no showing that any attempt was ever made to secure an adequate record through an agreed statement of facts, or otherwise."

There are a number of cases in California sustaining a denial of a new trial under section 953e. In most of them the failure of the appellant to make an effort to find a substitute for the lost notes, and that such a substitute would have been fully effective for the purposes of the appeal, were the basis for the denial of a new trial.

In only two cases were denials of new trials by the trial court reversed. In *Weisbecker* v. *Weisbecker,* 71 Cal.App. 2d 41 [161 P.2d 990], the reporter died before transcribing any testimony. The appellant contended that the judgment was contrary to the evidence. The trial had consumed three days and the court found that an adequate statement of the evidence intelligently presenting appellant's contention could not be prepared without a transcript of the evidence. In *Fickett* v. *Rauch,* 31 Cal.2d 110 [187 P.2d 402], after two days the trial was postponed from time to time for over 15 months. The reporter died in the meantime. The trial was concluded approximately two years after the testimony in question was taken. In preparing for appeal both parties made an effort to prepare a bill of exceptions. "This was unsuccessful, due to lack of existing data showing the witnesses' testimony other than pretrial statements of what was expected to be proved." (P. 114.) "The respondent does not contend that existing data is sufficient." (P. 116.) Obviously the facts in our case are quite divergent from those in the two last mentioned cases.

Plaintiff is entitled to have her appeal heard upon the merits. If the loss of the reporter's notes would prevent the

appeal from being so heard, she would be entitled to a new trial. On the other hand, if by reasonable use of stipulations or agreed statements the merits of her appeal can be fully presented, then she would not be entitled to a new trial. Courts are too busy these days to repeat a 12 day trial unless it is necessary to do so in the interests of justice. Neither plaintiff nor the trial court made any effort to avoid the necessity of a new trial by joining with defendants in an agreed statement or stipulation, or at least attempting to do so. As said in *Caminetti* v. *Edward Brown & Sons, supra,* 23 Cal.2d 511, 521-522: "Every presumption is in favor of the fairness, impartiality, and regularity of the proceedings in the trial court leading to judgment. A verdict or judgment is presumptively right until it is shown to be wrong. Thus to deprive a party of his judgment and the intendments in its support, and to force him to re-establish his claim in every case where there is a mere showing of incapacity or death of the reporter, without any consideration of the facts, . . . of the possibility of agreeing on a bill of exceptions or statement of facts . . . would be just as unfair as to automatically deny a new trial to every appellant who has been deprived of his appeal because of the impossibility of securing a record."

▇▇ Nor has plaintiff pointed out how the concession offered by defendants in the trial court, in their briefs and in open court here, does not fully meet the situation or fully permit the consideration of her appeal on the merits. We are satisfied that it does and on her appeal such concession will be considered by us. Reviewing courts are reluctant to interfere with the discretion of trial courts, but where, as here, no attempt was made by plaintiff to obviate the necessity of a new trial, where every offer of defendants to help work out a statement or stipulation was arbitrarily refused, where plaintiff's rights are fully protected on appeal by the concessions made by defendants, we have no alternative.

The order is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 5, 1954, and respondent's petition for a hearing by the Supreme Court was denied March 31, 1954. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.