Filed 9/25/24 subsequently modified (order attached)

**CERTIFIED FOR PUBLICATION**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

APPELLATE DIVISION

| | |
|---|---|
| DOMUS IV INVESTORS, LLC, | Case No. 23AP002931 |
|       Plaintiff and Respondent, | Trial Ct. No. 22CV394148 |
| v. | |
| YINGQIAN WANG, | OPINION |
|       Defendant and Appellant. | |

This is the second appeal by defendant and appellant Yingqian Wang in what began in 2022 as an unlawful detainer action filed in the trial court by plaintiff and respondent Domus IV Investors, LLC. In the first appeal, a panel of this appellate division affirmed the unlawful detainer judgment entered against Wang after a one-day court trial, concluding in part that an inadequate record had precluded relief as there was no reporter's transcript of witness testimony included to bolster Wang's appellate claims. According to a clerk's declaration included in that appellate record, "no audible [electronic] recording" for the trial "could be located" except for the judicial officer's oral ruling for Domus at the end of the day.[1]

---

[1] We take judicial notice of the prior appellate division opinion and record in *Domus IV Investors, LLC v. Wang*, Santa Clara County Superior Court appellate division case number 22AP002795, filed on April 27, 2023, affirming the judgment. Both the prior opinion and the clerk's declaration referenced above are also contained within the record in this appeal.

After finality of that prior opinion affirming the judgment, Wang made a motion in the trial court to set aside the judgment and for a new trial under Code of Civil Procedure section 914,[2] which the court denied. In this second appeal, Wang contends the trial court abused its discretion in so ruling. Section 914 was originally enacted as section 953e in 1931,[3] before the adoption of the California Rules of Court governing the appellate record.[4] It gives the trial and reviewing courts the power to vacate and set aside a judgment and order a new trial "[w]hen the right to a phonographic report has not been waived and when it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter" because of specified reasons, including the "death or disability" of such a reporter from the trial or "the loss or destruction, in whole or in substantial part, of the notes of such reporter."

We conclude that section 914 is inapplicable here where there was no live stenographic court reporter at the trial and, therefore, there were no "notes" of a "stenographic reporter." Rather, the trial was officially electronically recorded, a circumstance as to which there are no reporter's "notes" as contemplated by the statute, the loss or destruction of which is one of the alternate conditions for relief. Further, even if section 914 were to apply by analogy to electronic recording, the

---

[2]Further unspecified statutory references are to the Code of Civil Procedure.

[3] Section 953e was enacted in 1931 (see Stats. 1931, ch. 239, § 1). It was repealed in 1968 (Stats. 1968, ch. 385, § 1) and replaced with section 914 (Stats. 1968, ch. 385, § 2). Case authorities cited in this opinion that precede 1968 therefore were construing the predecessor statute, section 953e. As observed in *Aylmer v. Aylmer* (1956) 139 Cal.App.2d 696, 702 (*Aylmer*), section 953e was enacted "for the purpose of changing the rule announced in *Diamond v. Superior Court* [(1922)] 189 Cal. 732, which had held that a new trial could not be granted on account of the death of a court reporter since this was not one of the statutory grounds for a new trial" under section 657.

[4] Further unspecified references to rules are to the California Rules of Court. The "original Rules on Appeal" in California became effective on July 1, 1943. (*K.J. v. Los Angeles Unified School District* (2020) 8 Cal.5th 875, 882.)

statute does not contemplate relief at a point in time *after* the appeal from the judgment or order at issue has concluded and the reviewing court has affirmed that judgment or order, resulting in finality. At this point in time, there is no pending appeal from the judgment or order that has been taken or could be taken, as contemplated by section 914. In any case, Wang's post-affirmance motion here to set aside the already affirmed judgment and for a new trial cannot be said to have been made with any reasonable diligence. Finding no abuse of discretion in the trial court's denial of the motion, we affirm the order.

STATEMENT OF THE CASE

*I.      The Unlawful Detainer Action and First Appeal*

The initial trial court proceedings are set forth in the prior opinion affirming the judgment. For this second appeal, the key events are as follows:

- Domus is the owner of real property located at 3390 El Camino Real, Unit #131.

- On July 9, 2021, Domus leased the premises to Wang under a written lease agreement.

- On February 3, 2022, Domus filed an unlawful detainer complaint against Wang alleging she had materially violated terms of the rental agreement by creating or permitting a nuisance or using the premises for an unlawful purpose.

- A court trial occurred on May 2, 2022. There was no live court reporter for any portion of the trial and the proceedings were officially electronically recorded under Government Code section 69957, subdivision (a) and rule 2.952.

- At the end of the trial, the court orally announced its decision in favor of Domus and against Wang, and entered judgment for possession of the premises, damages, attorney fees, and costs.

- As part of record preparation for the prior appeal, the clerk, on June 10, 2022, executed a declaration, which stated that after a search of "the entire electronic recording data base for the 5/2/22, 9:00 a.m." trial, "[t]here is no audible electronic recording for this case from 9:00 to 4:09 pm, so we are unable to create an electronic copy of this part of

3

the case." A reporter's transcript of the electronic recording of the trial court's oral decision, which occurred after 4:09 p.m. on May 2, 2022, was included in the prior record on appeal.

- In response to the clerk's declaration in the prior appeal about the deficiency in the record of the oral proceedings as designated, Wang did not thereafter proceed under rule 8.835(d)(2) to file a new election notifying the trial court of a desire to proceed in that appeal either with or without a record of the oral proceedings, and if with such a record, which form thereof as listed in rule 8.830(a)(2). Nor did she independently pursue an agreed statement under rule 8.836 or a statement on appeal under rule 8.837. Nor did she seek an order from the appellate division in the prior appeal directing the trial court to settle and augment the record under rule 8.841(b)(2) in view of the lack of a reporter's transcript of the trial testimony. Nor, until an untimely petition for rehearing that was denied, did she request the appellate division in that appeal to set aside and vacate the judgment and order a new trial under section 914, which grants such authority to both the trial and reviewing courts.

In Wang's prior appeal from the judgment, she argued that the trial court had abused its discretion in finding the witnesses presented by Domus to be credible. The opinion affirming the judgment rejected this argument, observing that although there were inconsistencies noted by the trial court in some of the witness testimony, the court still found some of it more credible, with the appellate opinion identifying substantial evidence to support the trial court's judgment. The opinion observed that it is within the sole province of the trial court to determine the credibility of witnesses at trial. It further noted with respect to witness testimony Wang had challenged on appeal that she had had the ability to cross-examine those witnesses and to testify herself to dispute their testimony. On this point, the court's opinion said, "But, we cannot determine from the record if Wang availed herself of either of these options.[]" This sentence was footnoted in the opinion with the footnote reading: "The [c]lerk's [t]ranscript includes a declaration indicating that for May 7, 2022, no audible recording for the time period 9:00 a.m. to 4:09 p.m. could be located, which covered the time period when the trial was conducted. Only the trial court's ruling is contained in the" transcript.

4

Wang also claimed in the prior appeal that the trial court erred by not considering evidence showing that Domus had failed to allow her to cure any noise complaints. The opinion rejected this argument as it did not appear from the record that the issue had been preserved by Wang having first raised it in the trial court, and it could not be addressed for the first time on appeal. Nor, the opinion found, did Wang establish any prejudice in connection with this second claim attacking the judgment.

Thus, the prior opinion, finding "no error on this record," affirmed the unlawful detainer judgment and awarded costs to Domus as the prevailing party on appeal.

II.     *Wang's Post-Appeal Motion to Set Aside and Vacate Judgment and for a New Trial*

Almost three months after the opinion was filed in the prior appeal and after finality of the decision affirming the judgment, Wang filed in the trial court a motion under section 914 to set aside and vacate the judgment and for a new trial. She contended that because a proper record of the trial court proceedings held on May 2, 2022, had not been available for her prior appeal due to a malfunctioning of the electronic recording equipment, section 914 was the proper vehicle to then provide her the remedy of set-aside of the affirmed judgment and a new trial. Domus opposed the motion on grounds it was untimely and that, through trial, appeal, and Wang's exit from the premises, the matter had been fully litigated.

The trial court denied the motion, concluding in its oral comments that Wang's request for relief appeared to be a mere "vessel to appeal the Appellate Division['s]" prior affirmance of the judgment and that there was no good cause shown to grant the motion, the prior opinion having addressed the state of the appellate record and nonetheless having affirmed the judgment.

*III.    Notice of Appeal*

Wang timely appealed from the trial court's post-judgment order denying her motion to set aside and vacate judgment and for a new trial, which is an appealable order. (See *Fickett v. Rauch* (1947) 31 Cal.2d 110, 111 (*Fickett*) [order denying motion under former section 953e, now section 914, is appealable as taken from a special order made after final judgment]; *Weisbecker v. Weisbecker* (1945) 71 Cal.App.2d 41, 45 (*Weisbecker*); *Conlin v. Coyne* (1936) 15 Cal.App.2d 569, 571; § 904.2, subd. (b).)

## DISCUSSION

*I.    Issue on Appeal and Standard of Review*

In this second appeal, Wang contends the trial court abused its discretion by applying incorrect standards and misplaced reasoning in deciding her motion to set aside and vacate judgment and for a new trial under section 914. But we review the court's ruling, not its rationale, and we will affirm if the order is correct on any theory. (*RiverWatch v. County of San Diego Department of Environmental Health* (2009) 175 Cal.App.4th 768, 776 (*RiverWatch*).) Wang further claims the court abused its discretion by denying the motion because the lack of an adequate record of the oral proceedings in the prior appeal resulted in rejection of her claims of error and affirmance of the judgment. She also contends she acted with diligence in seeking her remedies under section 914 because she promptly moved for relief after the appellate division affirmed the judgment in the first appeal.

We review the denial of a motion under section 914 for abuse of discretion. (*Caminetti v. Edward Brown & Sons* (1943) 23 Cal.2d 511, 514 (*Caminetti*).) Although the discretion afforded under this section is wide (*Lilienthal v. Hastings Clothing Co.* (1954) 123 Cal.App.2d 91, 92 (*Lilienthal*)), it is not unlimited. In ruling on the motion, the court must consider the rights of both parties, whether there are substantial issues material to the appeal so that a reporter's transcript is necessary, and whether the party seeking relief under section 914 acted with

6

reasonable diligence. (*Rambo v. Rambo* (1948) 84 Cal.App.2d 632, 633–634; *Fickett, supra,* 31 Cal.2d at p. 112; *Duarte v. Rivers* (1949) 90 Cal.App.2d 152, 155.) "Whether the court has abused its discretion depends on the facts of the particular case." (*Fickett, supra,* 31 Cal.2d at p. 112.) An appellant's request may be denied where "the record strongly suggests an adequate settled statement could be reached. [Citations.]" (*Weinstein v. E.F. Hutton & Co.* (1990) 220 Cal.App.3d 364, 369 (*Weinstein*).)

More generally, a trial court abuses discretion, "if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with governing rules of law. ' "The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown. [Citation.]" [Citations.]' [Citation.] A decision 'that transgresses the confines of the applicable principles of law is outside the scope of discretion' and is an abuse of discretion. [Citation.]" (*New Albertsons, Inc. v. Super. Ct.* (2008) 168 Cal.App.4th 1403, 1422.) "An abuse of discretion also occurs if the court applies an erroneous legal standard or its factual findings are not supported by substantial evidence." (*Kerner v. Super. Ct.* (2012) 206 Cal.App.4th 84, 110.) But, as noted, even when reviewing for abuse of discretion, we review the trial court's actual ruling, not its reasons or rationale. We will affirm an order correct on any theory, even when the court's reasoning is erroneous. (*RiverWatch, supra,* 175 Cal.App.4th at p. 776.)

"We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.) Thus, "an abuse of discretion results in reversible error only if it is *prejudicial*. [Citations.] The burden

is on the appellant to show prejudice. [Citation.]" (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 378.)

II.     *Section 914 Generally*

Section 914 provides in its entirety: "When the right to a phonographic report has not been waived and when it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule, *because of the death or disability of a reporter who participated as a stenographic reporter at the trial* or *because of the loss or destruction, in whole or in substantial part, of the notes of such reporter*, the trial court or a judge thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree *from which an appeal has been taken or is to be taken* and to order a new trial of the action or proceeding." (Italics added.)

Amplifying on the required showing, "For a new trial to be granted because of destruction of the reporter's transcript, the moving party must show the impossibility of securing the transcript [and] the presence of substantial issues establishing the necessity of a transcript, and [the party must] also demonstrate reasonable diligence. [Citation.] A new trial motion on the ground that the reporter's transcript has become unavailable should ordinarily be granted where a reasonable showing is made that the transcript is necessary to present substantial issues [on appeal]. [Citation.]" (*Santa Cruz County Redevelopment Agency v. Izant* (1995) 37 Cal.App.4th 141, 147 (*Santa Cruz County Redevelopment Agency*).) "To determine if the reporter's transcript is necessary to present substantial issues, a reasonable test of substantiality is whether questions appellant desired to raise on appeal could be properly considered without the lost portion of the transcript. If they could, then the loss would not be considered substantial. [Citation.]" (*Ibid.*) Reasonable diligence may be shown by establishing there was no unnecessary delay in bringing the necessity of having a reporter's transcript on appeal to the court's attention. (*Aylmer, supra*, 139 Cal.App.2d at p. 703.)

*III.   Analysis*

First, taking the words of section 914 at face value, it may provide relief in the form of set aside of a judgment and a new trial on two specified conditions. These are: (1) when the right to a "phonographic report"—assuming that is a reporter's transcript—has not been waived; and (2) when it is impossible to have a "phonographic report of the trial" "because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter." Plainly, this language specifying the conditions of relief narrowly applies only to circumstances where there was a live, human court reporter making a record of the oral proceedings at trial. Here, where there was no court reporter but, instead, electronic recording of the trial proceedings, there has been no "death or disability of a reporter who participated as a stenographic reporter at the trial" and there has been no "loss or destruction, in whole or in substantial part, of the notes of such reporter."

Section 914, then, by a plain reading does not apply to trial proceedings, as here, that were officially electronically recorded and where no live "stenographic" court reporter was present. Wang cites no case that applies section 914 to proceedings that were officially electronically recorded, and we have found none. She urges instead that the clerk's designation of " 'inaudible' "as applied to an electronic recording is "the functional equivalent of the loss of a reporter's notes or the death of a reporter." But a court lacks authority to provide relief under section 914 under circumstances outside of the statutory prescriptions. (*Williams v. Davis* (1944) 67 Cal.App.2d 274, 277 [trial court was without jurisdiction to grant new trial when the circumstances specified in the statute are not satisfied]; (*Hennigan v. United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 7–8 (*Hennigan*) [relief available under section 914 is limited to that provided in the statute].)

Construing section 914 by its own terms as not applicable to trial proceedings that were officially electronically recorded does not mean that a party, such as Wang, wishing to appeal from a judgment or order has no remedy when a transcript of the electronic recording cannot be produced because, for example, as here, for an unknown reason, no audible recording of the trial testimony was actually generated.

Rule 8.835 addresses the appellate record in a limited civil case when trial proceedings were officially electronically recorded. Rule 8.835(d)(1) requires the trial court clerk to "notify the appellant in writing if any portion of the designated proceedings was not officially electronically recorded or cannot be transcribed." The clerk provided this notice in the prior appeal. Rule 8.835(d)(2) then provides that within 10 days after the clerk's notice, "the appellant must file a new election notifying the court whether the appellant elects to proceed with or without a record of the oral proceedings that were not recorded or cannot be transcribed. If the appellant elects to proceed with a record of these oral proceedings, the notice must specify which form of the record listed in rule 8.830(a)(2) the appellant elects to use"—a reporter's transcript prepared by a court reporter under rule 8.834, an agreed statement under rule 8.836, or a statement on appeal under rule 8.837. Wang did not file a new election and took no steps in the prior appeal to secure an alternative form of the record of the oral proceedings when she was properly notified by the clerk that no audible recording was available of the trial witness testimony from which a transcript could be made.

Second, even if section 914 could be viewed by analogy as applicable to proceedings that were officially electronically recorded, the statute limits the relief it provides to judgments "from which an appeal has been taken or is to be taken." We read this limitation to logically restrict the statutory remedy to cases in which either there is an appeal from the judgment or appealable order pending or an appeal from such a judgment or order may still be taken. Such an appeal from a

judgment or order is *not* available after the judgment or order to be challenged by appeal has *already* been appealed and affirmed. While section 914 provides no strict temporal deadlines to bring a motion for relief, and the time scriptures for the filing of a new trial motion under section 659 do not apply (*Hennigan, supra*, 53 Cal.App.3d at p. 6), the statute's very terms make the specified relief—a new trial, whether afforded by the trial or reviewing court—out of reach after the appeal for which the reporter's transcript is unavailable has already resulted in affirmance and finality of the judgment or order at issue. Any other reading of the statute results in absurdity and upends the strong public policy favoring the finality of judgments, especially when the case merits have already been addressed in a prior appeal and there is no competing policy detracting from that favoring finality. (See, e.g., *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982 [addressing public policy favoring finality of judgments vs. competing public policy favoring set-aside of a default to reach the case merits].) While an appellant may be granted relief under section 914 while an appeal from the challenged judgment or order is pending (*Hennigan, supra,* 53 Cal.App.3d at p. 6 [trial court authorized to grant relief under section 914 after notice of appeal has been filed]; *Caminetti, supra*, 23 Cal.2d at p. 514 [explaining steps party must take after filing of notice of appeal to obtain relief from trial court under predecessor to section 914]; *Weisbecker, supra*, 71 Cal.App.2d at pp. 42–47 [holding trial court erred under predecessor statute by denying relief to party after notice of appeal had been filed]), the statute by its logical terms is not operative *after* an appeal from the challenged judgment or order has been determined and has resulted in affirmance. Its remedy of a new trial is not available at that point.

Third, even if section 914 applied to trial proceedings officially electronically recorded and even if its relief were not limited in time to pending or impending appeals, as construed by case law applying this section or its predecessor, a party must still demonstrate reasonable diligence in seeking relief. Wang claims she was

diligent in bringing her motion because she did so not long after issuance of the opinion in the prior appeal affirming the judgment. Domus disputes her claim of diligence, and we reject it.

Instead of waiting until *after* finality of the prior opinion and the judgment affirmed in the prior appeal, Wang could have raised the missing transcript issue during the pendency of that appeal. She concedes in her opening brief in this case that her counsel was in fact aware of the unavailability of the transcript in the prior appeal and yet opted to press her claims on appeal without pursuing an alternative form of the record, because he believed the relevant issues on appeal could be resolved without it.

Thus, Wang, through counsel, made a strategic decision in that prior appeal to ignore the missing transcript, which decision ultimately backfired when the reviewing court rejected her arguments and affirmed the judgment on the basis of the record it had.[5] Wang's approach in the prior appeal was problematic as it overlooked the venerable rule of appellate practice and procedure that it is an appellant's burden to furnish an adequate record and failing to do so may result in affirmance of the judgment. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 ["[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"]; see also *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]"].)

---

[5] As noted, Wang did raise the missing transcript issue in a late-filed petition for rehearing and certification for transfer to the court of appeal in the prior appeal after the opinion was issued. That untimely request for relief was denied.

We accordingly conclude that Wang's failure to have provided an available alternative record or to have raised the issue of the missing transcript before the conclusion of her first appeal betrays her claim in this appeal of having exercised reasonable diligence under section 914. Although there are cases suggesting that the remedy afforded by section 914 is in addition to the alternative options for obtaining a record of the oral proceedings through an agreed statement or a statement on appeal (see, e.g., *Feldman v. Katz* (1958) 160 Cal.App.2d 836, 840–841 [construing former rule 4(e), to obtain a new trial, appellant not necessarily required to prepare settled statement where there is "insufficient data" to do so]), there are other authorities suggesting that the failure to exhaust alternatives for obtaining an adequate record on appeal amounts to a waiver, the non-existence of which is a statutory condition of relief, and undermines reasonable diligence as a requirement under section 914. (See *Weinstein, supra,* 220 Cal.App.3d at pp. 368–369 [appellant's request for new trial may be denied where record strongly suggests an adequate settled statement could be reached]; *Weisbecker, supra*, 71 Cal.App.2d at pp. 47–49; *Lilienthal, supra*, 123 Cal.App.2d at pp. 95–96 [if by reasonable use of agreed statement, the merits of appeal can be fully presented, then no entitlement to new trial]; *People v. Malabag* (1997) 51 Cal.App.4th 1419, 1423–1425 [by failing to move for settled statement or explain any inability to do so, appellant waived further relief based on inadequate appellate record].) Wang's failure in the prior appeal to have even attempted an alternative to the unavailable transcript of the electronic recording, or to have sought any relief in connection with that appeal, negates any showing of reasonable diligence as required under section 914.

Even if Wang had properly established reasonable diligence, she must also have demonstrated the presence of substantial issues requiring the necessity of a transcript on appeal. (*Santa Cruz County Redevelopment Agency*, *supra,* 37 Cal.App.4th at p. 147.) As observed above, the two issues she raised in the first

13

appeal were that the trial court abused its discretion in finding the trial witnesses presented by Domus to be credible, and that the court had not considered evidence presented by Wang showing that Domus had failed to allow her to cure any noise complaints. But Wang did not present below and has not presented here any substantive and specific argument connecting these issues with the absence of the reporter's transcript in the first appeal. She fails to specifically explain just how these issues might ultimately have been resolved in her favor in the prior appeal if not for that missing transcript—meaning what it would have shown—or why any alternative form of the record of the oral proceedings would not have been an adequate alternative to the extreme relief available under section 914—vacation of the judgment and a new trial. (*Lilienthal, supra*, 123 Cal.App.2d at p. 93 [party requesting new trial must do more than generally state inability to demonstrate error but for missing transcript and must show that the questions the party desired to raise on appeal could not be considered without it].) And even if reporter's transcripts of the conflicting testimony had been available in the prior appeal, determining credibility remains the province of the trial court, which here acknowledged and resolved inconsistencies in the testimony in its ruling, the transcript of which was part of the record. Moreover, as to Wang's second claim in the prior appeal, the opinion alternatively concluded that even if the issue had been preserved, no prejudice had been shown.

Stated another way, Wang has not specifically articulated in this appeal any real and specific prejudice in the prior appeal because of the deficient transcript. (*Lilienthal, supra,* 123 Cal.App.2d at p. 96; see also *Marc Bellaire, Inc. v. Fleischman* (1960) 185 Cal.App.2d 591, 596 ["Prejudice is not presumed and the burden is on the appellant to show its existence"].) Absent demonstrated prejudice, Wang has not shown an abuse of discretion to warrant reversal of the trial court's order denying relief under section 914.

In sum, on an issue of first impression, we hold that section 914 does not apply to circumstances where the trial proceedings were officially electronically recorded and no live stenographic court reporter was present at the trial. We further conclude that even if the statute applies to circumstances of electronic recording, its remedy is limited in time to relief requested either during the pendency of an appeal from the challenged judgment or order or an impending appeal; and that Wang here has not shown the trial court abused its discretion in denying her motion made only after affirmance of the challenged judgment in the first appeal, as she did not meet the required elements for relief under the statute, in particular by making a showing of reasonable diligence.

DISPOSITION

The trial court's order denying Wang's motion to set aside and vacate the judgment and for a new trial is affirmed. Plaintiff and respondent Domus is the prevailing party entitled to costs on appeal. (Cal. Rules of Court, rule 8.891(a)(2).)

 

 

_____
Williams, P. J.
Appellate Division

WE CONCUR:

 

_____
Arand, J.
Appellate Division

 

_____
Sivilla-Jones, J.
Appellate Division

Trial Court:     County of Santa Clara

Trial Judge:     Commissioner Erik S. Johnson

Counsel:          Jeffrey A. Needelman for Appellant

                 Todd Rothbard for Respondent

CERTIFIED FOR PUBLICATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

APPELLATE DIVISION

| | |
|---|---|
| DOMUS IV INVESTORS, LLC, | Case No. 23AP002931 |
|      Plaintiff and Respondent, | Trial Ct. No. 22CV394148 |
|  v. | |
| YINGQIAN WANG, | ORDER MODIFIYING OPINION |
|      Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

The court orders that the opinion filed on September 25, 2024, be modified as follows:

On page 2, in the third line up from the bottom of the first full paragraph, insert the word "two" immediately before the word "specified" and replace the word "including" in that same line with the word "namely" so that the full sentence, beginning on the sixth line from the top of the page, reads as follows: It gives the trial and reviewing courts the power to vacate and set aside a judgment and order a new trial "[w]hen the right to a phonographic report has not been waived and when it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter" because of two specified reasons, namely the "death or

1

disability" of such a reporter from the trial or "the loss or destruction, in whole or in substantial part, of the notes of such reporter."

On page 3, in the second sentence of the first full paragraph after the Roman number "I" heading, insert the words "facts and procedural" immediately after the word "key" and immediately before the word "events" so that the beginning clause of the sentence reads "For this second appeal, the key facts and procedural events are as follows:".

There is no change in the judgment.

_____
Williams, P. J.
Appellate Division


_____
Arand, J.
Appellate Division


_____
Sivilla-Jones, J.
Appellate Division